**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| CPW AMERICA CO., | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
| *Defendant.* | ) |
|  | ) |

COURT NO. 21-00335

## COMPLAINT

Plaintiff CPW America Company ("CPWA" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

## NATURE OF THE ACTION

1.      This action concerns Defendant's unlawful processing and denial of a request for exclusion from tariffs imposed under Section 232 of the *Trade Expansion Act of 1962*, as amended (19 U.S.C. § 1862) ("Section 232").  This complaint focuses on Defendant's unlawful denial of the exclusion request filed by CPWA as described below.

2.       On March 8, 2018, President Donald J. Trump issued *Proclamation 9705* imposing 25 percent *ad valorem* tariffs on certain steel products imported into the United States.  *See Proclamation 9705 of March 8, 2018 Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625 (Dep't Commerce Mar. 8, 2018) ("*Proclamation 9705*").  Section 232 authorizes the President to impose restrictions on certain imports following an investigation that concludes that the targeted products are being imported into the United States "in such quantities or under such circumstances as to threaten to impair the national security." 19 U.S.C. § 1862(c)(1)(A).

3.        *Proclamation 9705* expressly authorized the U.S. Department of Commerce ("Commerce") to provide relief from the Section 232 tariffs for steel products "determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" or for steel articles that meet "specific national security considerations." *Proclamation 9705*, 83 Fed. Reg. at 11,627.

4.        Pursuant to *Proclamation 9705*, Commerce issued an interim final rule establishing a product exclusion process through which Commerce would grant an exclusion to the Section 232 tariffs if the steel product in question was not "produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or based upon specific national security considerations." *Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting Imports of Steel Into the United States and Adjusting Imports of Aluminum Into the United States; and the Filing of Objections to Submitted Exclusion Requests for Steel and Aluminum*, 83 Fed. Reg. 12106, 12,110 (Dep't Commerce Mar. 19, 2019) ("*Interim Final Rule*").

5.        Following a notice and comment period, Commerce issued another interim final rule defining the terms "sufficient and reasonably available amount", "satisfactory quality", and "specific national security considerations." *Submission of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum*, 83 Fed. Reg. 46,026 (Dep't Commerce Sept. 11, 2018) ("*Revised Interim Final Rule*").

6.        According to Commerce, the purpose of creating the product exclusion process in connection with the Section 232 tariffs on steel and aluminum was to:

> protect downstream manufacturers that rely on products not produced by U.S. domestic industry at this time.  The guiding principle is that, if U.S. domestic industry does not or will not produce a given steel or aluminum product of the quality needed by

> users in the United States, companies that rely on those products will
> not pay duties on them.

*Revised Interim Final Rule*, 83 Fed. Reg. at 46,038-39.

7.      CPWA, located in Houston, Texas, imports and distributes steel pipe products produced by its parent/affiliate in Greece – Corinth Pipeworks Pipe Industry S.A. ("CPW").  CPWA is responsible for the sales and importation of CPW's line pipe products in the United States, and CPWA also provides value-add logistical services to pipeline company customers for onshore and offshore energy infrastructure projects.  In January 2020, CPWA filed an exclusion request with Commerce seeking an exclusion from the Section 232 tariffs for a specialized type of welded line pipe not produced in the United States that is suitable for the reeling ("Reel-Lay") installation method for an offshore, subsea pipeline project.  *See* **Exhibit 1** (Exclusion Request ID 54667).  CPWA explained that CPW produces this specialized type of welded line pipe and has supplied such pipe for 13 Reel-Lay projects around the world.  In its exclusion request, CPWA demonstrated that there were no domestic pipe mills capable of manufacturing this pipe product to the technical specification that are required for offshore Reel-Lay applications, and that specific U.S. national security interests were served by these imports.

8.      Specifically, CPWA submitted exclusion request number 54667 for 2,000 metric tons of this specialized type of welded line pipe suitable for the reeling ("Reel-Lay") installation method imported from Greece.

9.      A single domestic pipe mill – IPSCO Koppel Tubulars, LLC, a Tenaris company ("Tenaris") – filed an objection to CPWA's exclusion request.  Tenaris asserted, without evidence, that it had the "capability to manufacture and supply the identified steel product."  Tenaris further claimed that the pipe product could also be manufactured by other welded pipe producers in the United States, despite the fact that no other U.S. pipe mill objected to CPWA's request.

CPWA rebutted Tenaris' objection and submitted evidence establishing the lack of domestic capability to produce the specialized welded line pipe for the reeling (Reel-Lay) installation method for an offshore infrastructure project.

10.     In July 2020, six months after CPWA filed its exclusion request, Commerce denied CPWA's request based on the recommended finding of the International Trade Administration (ITA) that the "relevant steel article" is produced in the United States in a sufficient and reasonably available amount and of a satisfactory quality.  Commerce also concluded that there was no overriding national security concerns that compelled Commerce to grant the exclusion.  *See* **Exhibit 2** (BIS Decision Memorandum for Exclusion Request 54667).

11.     As the result of Commerce's denial of this exclusion request, CPWA had to pay Section 232 duties on the imports of specialized welded line pipe covered by the exclusion request.

12.     Commerce's failure (i) to verify Tenaris' claims; (ii) to consider the evidence provided by CPWA that no domestic pipe mills were capable of producing the subject pipe; (iii) to examine the evidence that a particular national security concern would be served in granting CPWA's exclusion request; and (iv) to provide any reasoned basis for its decision to deny CPWA's exclusion request, is arbitrary, capricious, and an abuse of discretion in violation of the *Administrative Procedure Act*.  *See* 5 U.S.C. §§ 701 *et seq*.

## JURISDICTION

13.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(2) and (4) because this action concerns claims against the United States or its agencies arising out of laws concerning "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and the "administration and enforcement" of such laws.  28 U.S.C. § 1581(i)(2) and (4).

## PARTIES

14.     Plaintiff CPWA, located in Houston, Texas, is a wholly-owned subsidiary of Corinth Pipeworks Pipe Industry SA ("CPW") in Greece.  CPWA is responsible for the sales and importation of CPW's line pipe products in the United States.  CPW made entry and paid the applicable Section 232 tariffs for the pipe products identified in denied Exclusion Request 54667.

15.     Defendant is the United States of America, acting by and through the U.S. Department of Commerce.

## STANDING

16.     CPWA has standing to bring this action because it is "adversely affected or aggrieved by agency action within the meaning of" the Administrative Procedure Act ("APA"). 5 U.S.C. § 702; *see also* 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5").  Commerce's wrongful denial of CPWA's request for exclusion from Section 232 tariffs adversely affected and aggrieved CPWA because it was required to pay such duties.

## TIMELINESS OF THE ACTION

17.     A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues."  28 U.S.C. § 2636 (i).

18.     The instant action contests Commerce's wrongful denial of CPWA's request for exclusion from Section 232 tariffs.  Commerce denied CPWA's exclusion request through a published decision memorandum.  *See BIS Decision Document – Steel Section 232 Remedy Exclusion Request Number: 54667* (July 11, 2020), attached hereto as **Exhibit 2**.  CPWA's claims accrued on July 11, 2020 when the Bureau of Industry and Security ("BIS") – an agency of the

U.S. Department of Commerce – published its decision memorandum denying CPWA's exclusion request.  This complaint therefore is timely filed within the time specified in 28 U.S.C. § 2636(i), having been filed within two years of the publication of the decision memorandum.

## FACTUAL BACKGROUND

A.       **Commerce's Exclusion Process**

19.       Section 232 authorizes the Secretary of Commerce, in coordination with the Secretary of Defense, to conduct an investigation "to determine the effects on the national security of imports" of any articles.  Upon completing this investigation, the Secretary must provide the President with a report advising whether the articles under investigation are "being importers into the United States in such quantities or under such circumstances as to threaten to impair the national security."  19 U.S.C. §§ 1862(b)(1)(A), (3)(A).  If the President concurs with the Secretary's findings that a threat exists, the President shall "determine the nature and duration of the action that, in the judgment of the President, must be taken to adjust the imports of the article and its derivatives so that such imports will not threaten to impair the national security. 19 U.S.C. § 1862(c)(1)(A)(ii).

20.       On March 8, 2018, pursuant to Section 232, President Trump issued *Proclamation 9705*, imposing additional duties on imports of steel.  *Proclamation 9705* directed the Secretary of Commerce to grant exclusions from these tariffs if the Secretary determines that any steel product for which an exclusion is requested is not "produced in the United States in a sufficient  and reasonably available amount or of a satisfactory quality" or for steel articles that meet "specific national security considerations*." Proclamation 9705*, 83 Fed. Reg. at 11,627.

21.       On March 19, 2018, Commerce, through BIS, issued an interim final rule (codified at 15 C.F.R.  pt. 705, supp. 1) setting forth the circumstances in which Commerce would

grant a tariff exclusion to directly affected U.S. businesses. *Interim Final Rule*, 83 Fed. Reg. at 12, 106.  Specifically, Commerce stated that it would grant a company's exclusion request if Commerce determined that the steel article is not "produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or based upon specific national security considerations." *Interim Final Rule*, 83 Fed. Reg. at 12,110. On September 11, 2018, following a notice and comment period, the Secretary of Commerce supplemented the rules for tariff exclusion requests by further defining each of the criteria that Commerce was using to administer exclusion requests. *See Revised Interim Final Rule*, 83 Fed. Reg. at 46,026.

22.     Commerce defined the first criterion "not produced in the United States in a sufficient and reasonably available amount" to mean if:

> *The amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities.*
>
> "Immediately" means whether the product is currently being produced or could be produced "within eight weeks" in the amount needed in the business activities of the user of steel in the United States described in the exclusion request.

*Revised Interim Final Rule*, 83 Fed. Reg. at 46,058; 15 C.F.R. pt. 705, supp. 1(c)(6)(1) (emphasis added).

23.     Commerce defined the second criterion "not produced in the United States in a satisfactory quality" as follows:

> The exclusion review criterion "not produced in the United States in a satisfactory quality" does not mean that the steel needs to be identical, but it does need to be equivalent as a substitute product.  "*Substitute product*" *for purposes of this review criterion means that the steel being produced by an objector can meet* "*immediately*" *. . . the quality (e.g., industry specs or internal company quality controls or standards), regulatory, or testing*

> standards, in order for the U.S. produced steel to be used in that
> business activity in the United States by that end user.

*Revised Interim Final Rule*, 83 Fed. Reg. at 46,058; 15 C.F.R. pt. 705, supp. 1(c)(6)(1)

(emphasis added).

24.     Commerce's *Revised Interim Final Rule* places the burden on the objector to

demonstrate that they can produce the "substitute product" within the requisite timeframe:

> The objection should clearly identify, and provide support for, its
> opposition to the proposed exclusion, with reference to the specific
> basis identified in, and the support provided for, the submitted
> exclusion request.  If the objector is asserting that it is not currently
> producing the steel identified in an exclusion request but can
> produce the steel within eight weeks (meaning the objector meets
> the definition of being able to supply the steel "immediately" in
> order to meet the demand identified in the exclusion request), the
> objector must identify how it will be able to produce the article
> within eight weeks.  This requirement includes specifying in writing
> to the U.S. Department of Commerce as part of the objection, the
> timeline the objector anticipates in order to start or restart production
> of the steel included in the exclusion request to which it is objecting.

15 C.F.R. pt. 705, supp. 1(d)(4).  *See also Revised Interim Final Rule*, 83 Fed. Reg. at 46,209

("If a U.S. supplier objects to an exclusion request, the burden is on that supplier to demonstrate

that the exclusion should be denied because of failure to meet the specified criteria.")

25.     Finally, with regards to the third criterion "or for specific national security

considerations", Commerce stated that this criterion

> is intended to allow the U.S. Department of Commerce, in
> consultation with other parts of the U.S. Government as warranted,
> to make determinations whether a particular exclusion request
> should be approved based on specific national security
> considerations. … The U.S. Department of Commerce, in
> consultation with other parts of the U.S. Government as warranted,
> can consider other impacts to U.S. national security that may result
> from not approving an exclusion.

*Revised Interim Final Rule*, 83 Fed. Reg. at 46,058.

**B.      CPWA's Request for Exclusion from Section 232 Steel Tariffs**

26.      On January 23, 2020, CPWA submitted an exclusion request (Exclusion Request Number 54667) seeking an exclusion from the Section 232 tariffs for a specialized type of welded line pipe not produced in the United States.  CPWA indicated that this line pipe was to be used in a pipe-in-pipe system to transport oil and gas via a subsea pipeline in the Gulf of Mexico.  Specifically, CPWA explained that this specialized type of line pipe would be used for offshore infrastructure utilizing the reeling ("Reel-Lay") installation method.  CPWA indicated that its exclusion request should be granted because this specialized welded line pipe suitable for the Reel-Lay installation method is not manufactured in the United States ("No U.S. Production"), and there is no suitable substitute product available from domestic sources.  *See* **Exhibit 1**.

27.      In its exclusion request, CPWA also argued that its exclusion request met a specific national security consideration.  Specifically, CPWA stated:

> The U.S. Department of Homeland Security has identified crude oil and gas pipeline systems as part of our nation's critical infrastructure.  The line pipe subject to this exclusion request will be used for construction of a new Offshore Oil and Gas pipeline system, enabling the customer to construct new energy infrastructure, promote energy independence and enhance national security.

28.      CPWA's exclusion request sought an exclusion to import from Greece 2,000 metric tons of this specialized type of welded line pipe suitable for the Reel-Lay installation method.

**C.      Domestic Industry Objection and CPWA's Rebuttal**

29.      A single domestic mill – IPSCO Koppel Tubulars, LLC, a Tenaris company ("Tenaris") – filed an objection to CPWA's exclusion request.  Tenaris asserted that it had the "capability to manufacture and supply the identified steel product" – but Tenaris never claimed

that it could produce in the United States welded line pipe suitable for the reeling (Reel-Lay) installation method.  Specifically, Tenaris failed to demonstrate that it could meet the requirement that the product be "produced in the United States in a sufficient and reasonably available amount" and "in a satisfactory quality."

30.     Tenaris included a one-page attachment with its objection in which it offered two reasons for its opposition to CPWA's exclusion request: (1) Tenaris has available capacity and (2) the requested products are readily available from domestic sources.  Although Tenaris highlighted its "billion dollar investment" and expanded production capacity in the United States, Tenaris never claimed to be able to produce the specialized welded line pipe for a subsea installation using the Reel-Lay method which was the subject of CPWA's exclusion request. Nor did Tenaris identify any other domestic mills that could produce pipe suitable for a reeling installation.

31.     Although Tenaris claimed that these pipe products could also be manufactured by other welded pipe producers in the United States and were "readily available", no other U.S. pipe mills objected to CPWA's exclusion request.

32.      CPWA filed a timely rebuttal submission in response to Tenaris' objection. In its rebuttal, posted on March 10, 2020, CPWA challenged Tenaris' claims, asserting that there is no standard or substitute product produced in the United States that can be used for a Reel-Lay installation.  Contrary to Tenaris' claim in its objection, the welded line pipe covered by CPWA's exclusion request is not a "standard product".

33.     In a confidential submission in support of its rebuttal, CPWA provided additional information about the project background and evidence establishing the lack of domestic capability to produce the specialized welded line pipe for a Reel-Lay installation for a subsea pipeline

project.  CPWA also provided a list of the main technical requirements for pipe used in Reel-Lay installations to demonstrate that the fact that Tenaris may be able to produce the pipe diameter and wall thickness combination to normal API standards does not mean that it is qualified to comply with Reel-Lay requirements and the project technical specifications.

34.     In one annex to the confidential submission, CPWA provided a signed statement from the pipeline customer explaining that the company requested bids for this project from multiple pipe mills, foreign and domestic.  None of the domestic mills could meet the technical specification and therefore none of the U.S. mills submitted a proposal.  The pipeline customer also solicited a bid from Tenaris.  Tenaris offered pipe from its mills in Italy or Mexico – not from any of its U.S. mills or facilities.

35.     In the second annex to the confidential submission, CPWA provided a more detailed explanation of the Reel-Lay method of installing rigid subsea pipelines and the stringent qualification process and pipe bend testing that the pipe must undergo to qualify for this installation method.  CPWA emphasized that there are only a few pipe mills in the world that are qualified and have a track record for Reel-Lay applications, and CPW in Greece has successfully qualified its line pipe products and supplied pipe to 13 Reel-Lay projects around the world.  No mills in the United States are qualified for Reel-Lay application.

36.     Tenaris offered no sur-rebuttal to CPWA's rebuttal.

**D.     Commerce's Denial of CPWA's Request for Exclusion**

37.     On July 11, 2020, nearly six months after CPWA filed its exclusion request, Commerce denied CPWA's exclusion request.  Specifically, Commerce stated that

> BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International trade

Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA recommends finding, based on all of the evidence presented, that the product referenced in the above-captioned exclusion request is produced in the United States in a sufficient and reasonably available amount and of a satisfactory quality, and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings as to the domestic availability of the product, and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the domestic availability.

*See* **Exhibit 2** (BIS Decision Memorandum for Exclusion Request 54667).

38.     Commerce's denial used the same conclusory, boilerplate language that appears in every decision memorandum posted by Commerce when it denies an exclusion request.  However, Commerce's conclusion that the specialized welded line pipe in CPWA's exclusion request is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality failed to address the evidence of record regarding this issue or otherwise explain the basis for its conclusion.  In particular, Commerce did not address CPWA's consistent arguments that no U.S. mills produce the pipe products for which CPWA sought an exclusion.

**E.     CPWA's Resubmission of Exclusion Request Number 54667 and Commerce's Approval of the Resubmission (Exclusion Request Number 144150)**

39.     On October 7, 2020, CPWA resubmitted Exclusion Request 54667.  On the first page of request 144150, it states: "This is a resubmission of ID # 54667".  Exclusion Request 144150 is identical to Exclusion Request 54667 in all relevant respects.  The product description and HTS code are the same; the product chemistry and specifications are the same; and the stated reason for the requested exclusion is the same – no U.S. production of the product.  *See* **Exhibit 3** (Exclusion Request ID 144150).

40.     In support of its resubmitted request, CPWA attached a letter with a Fact Sheet and a signed statement from CPWA's pipeline company customer, setting out the same details that CPWA had provided for Exclusion Request 54667 regarding the project background and evidence establishing the lack of domestic capability to produce the specialized welded line pipe for a reeling (Reel-Lay) installation for a subsea pipeline project.

41.     In the absence of any objections, Commerce approved Exclusion Request 144150 on November 20, 2020.  Specifically, Commerce stated in the decision document that

> Based on BIS's review of the evidence presented, and the absence of objectors, BIS finds that the product referenced in the above-captioned exclusion request is not produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality.

*See* **Exhibit 4** (BIS Decision Memorandum for Exclusion Request 144150).

42.     Following Commerce's decision to grant Exclusion Request 144150, CPWA contacted Commerce via email to request that the decision on Exclusion Request 144150 be made retroactive to the submission date of Exclusion Request 54667 (*i.e.*, January 23, 2020).  Commerce responded that submission 144150 was not eligible to "tie back" to submission 54667, and that submission 144150 was retroactive only to its submission date (*i.e.*, October 7, 2020).  As a result, CPWA could not obtain a refund of the Section 232 duties that it paid in March 2020 when it imported the pipe covered by its original exclusion request.

## STATEMENT OF CLAIMS

## COUNT ONE

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701-706)

43.     CPWA incorporates by reference paragraphs 1 through 42 of this Complaint.

44.     The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; {or} (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

45.     Commerce's determination that the products subject to CPWA's exclusion request were "produced in the United States in a sufficient and reasonably available amount and of a satisfactory quality" and subsequent denial of CPWA's requests for exclusion from the Section 232 tariffs on steel was arbitrary and capricious because Commerce (1) failed to meaningfully consider relevant factors when making its determination, (2) failed to adequately explain the basis for its determination, and (3) failed to meaningfully consider the evidence before it.

46.     Commerce's failure to "observe { } procedure required by law" resulted in the unlawful imposition of Section 232 tariffs on CPWA's imports and thus must be held "unlawful and set aside" by the Court.  5 U.S.C. § 706(2).

## COUNT TWO

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701-706)

47.     CPWA incorporates by reference paragraphs 1 through 46 of this Complaint.

48.     In finding that there were no overriding specific national security considerations that mandated that Commerce grant CPWA's exclusion request without regarding to domestic availability, and the resulting denial of CPWA's requested exclusion from the Section 232 steel tariffs, Commerce's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

49.      This unlawful determination resulted in Section 232 tariffs being unlawfully collected on CPWA's imports, and this determination must therefore be set aside. 5 U.S.C. § 706.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment as follows:

(1)      enter judgment in favor of Plaintiff and declare that Defendant's denial of CPWA's exclusion request was arbitrary, capricious or otherwise in violation of the Administrative Procedure Act (5 U.S.C. § 701 *et seq*.);

(2)      declare that CPWA is entitled to the requested exclusion from the Section 232 steel tariffs, in accordance with *Proclamation 9705* and 15 C.F.R. pt 705, supp. 1, and order Commerce to instruct U.S. Customs and Border Protection to refund the Section 232 tariffs previously paid by CPWA;

(3)      declare that the relief to which CPWA is entitled is retroactive to the date on which CPWA files its initial exclusion request;

(4)      grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Frederick P. Waite
Frederick P. Waite
Kimberly R. Young

VORYS SATER SEYMOUR AND PEASE LLP
1909 K Street, NW, Suite 900
Washington, D.C.  20006
(202) 467-8852
fpwaite@vorys.com

*Counsel to CPW AMERICA CO. (CPWA)*

Date: July 19, 2021

<u>CPW America Co. v. United States</u>

**Exhibits to Complaint**

Exhibit 1        CPWA Exclusion Request 54667            (submission date: 1/23/2020)

Exhibit 2        BIS Decision Memo for Exclusion Request 54667        (signature date: 7/11/2020)

Exhibit 3        CPWA Exclusion Request 144150            (submission date: 10/7/2020)

Exhibit 4        BIS Decision Memo for Exclusion Request 144150    (signature date: 11/20/2020)

Exhibit 1



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 1/23/2020

Public Status: Denied

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Pipe and Tube

10-Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7306191050

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

## Requesting Organization Information

Full Organization Legal Name

CPW America Co.

Street Address

750 Town and Country Blvd, Suite 920

City

Houston

State

Texas

Zip Code

77024

Headquarters Country

United States

Point of Contact Name

Dianne Burger

Phone Number

(281) 752-7300

E-mail Address

dburger@cpwamerica.com

Web Site Address

## Parent Company of Requesting Organization

Full Organization Legal Name

Corinth Pipeworks Pipe Industry, S.A.

Street Address

33, Amaroussiou Halandriou Str.

City

Maroussi, Athens

Headquarters Country

State/Province

Zip Code

15125

Web Site Address

https://www.cpw.gr/en

## Importer of Record for Organization Requesting an Exclusion

Full Organization Legal Name

CPW America Co.

Street Address

750 Town and Country Blvd, Suite 920

City

Houston

State

Texas

Zip Code

77024

Headquarters Country

United States

Point of Contact Name

Mark Soloninka

Phone Number

(281) 752-7397

E-mail Address

msoloninka@cpwamerica.com

Web Site Address

## Requester's Authorized Representative/Agent (if applicable)

Requestor Point of Contact Name

Point-of-Contact Organization

Country Location

Phone Number

E-Mail Address

Web Site Address

Other Information

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

Yes

Identify the activity

Manufacturer

Identify the organization

Corinth Pipeworks Pipe Industry, S.A.

Identify the country where the organization is headquartered

Greece

Comments

Corinth Pipeworks Pipe Industry, S.A. is among the World leading Steel Pipe Manufacturers for the Onshore and Offshore Oil and Gas Industry.

Identify the primary type of activity of the Exclusion Requester

Other

Comments

CPW America Co. (CPWA) is a wholly owned subsidiary of Corinth Pipeworks Pipe Industry, S.A. (CPW).  CPWA is responsible for the sales and importation of CPW's line pipe products in the USA; CPWA also provides value-add logistical services to pipeline company customers for Onshore and Offshore Energy infrastructure projects.

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton = 1,000 kilograms)

2000000    Kilograms

Average annual consumption for years 2015-2017 of the product that is subject of this Exclusion Request (Kilograms)

0    Kilograms

Explain why your organization requires an Exclusion

No U.S. Production

Please provide comments

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

100    %

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

180    days

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

125    days

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

24    days

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

1    shipments

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 Houston, TX (5301)

Port 2 Corpus Christi, TX (5312)

Is the organization making this Exclusion Request doing so on behalf of a non-U.S. producer that does not manufacture products in the United States?

| Yes |

Identify the non-U.S. producer

| Corinth Pipeworks Pipe Industry, S.A. |

Identify the country where the organization is headquartered

| Greece |

Comments

---

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

| American Petroleum Institute (API) 5L Linepipe (Annexes B, C, J, K, included), Grade X65MO, High Frequency Induction - Electric Resistance Welded (HFI-ERW) PSL2 with 10.750 inch (273.05 mm) Outside diameter, wall thickness of 0.500 inch |

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot-rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross-sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross-sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108-13):

**Organization Designation**

1 API       5L (46th edition)

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab ☐ | Blooms ☐ | Billets ☐ | Ingots ☐ | Flat ☐ | Long ☐ |
| Beams ☐ | Semi-Finished ☐ | Pipe ☑ | Tube ☐ | Stainless ☐ | Wire ☐ |
| Hot Rolled ☐ | Cold Rolled ☐ | Annealed ☐ | Plated ☐ | Electro-Plated ☐ | Galvanized ☐ |
| Electro-Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☐ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

| Coated | | |

Comments

The material, 10.75 inch (273.05 mm) High Frequency Induction Electric Resistance Welded (HFI-ERW) line pipe subject to this exclusion request is to be used for Offshore Energy infrastructure and will be externally coated with Fusion Bonded Epoxy (FBE).

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0.06 | 0 | 0 | 0.0005 | 0.10 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0.20 | 0 | 0.20 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 1.60 | 0.07 | 0.20 | 0.05 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0 | 0 | 0 | 0 | 0 |

|  | | | | |
|---|---|---|---|---|
| Maximum % | 0.012 | 0.015 | 0 | 0.45 | 0.008 |

|  | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0.02 | 0 | 0.06 |

|  | Zinc | Zirconium | Other Chemical | | |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | | |
| Maximum % | 0 | 0 | 0 | | |

**Comments**

API 5L Standard does not require minimum values for Chemical composition

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size -- not a range of products and or sizes (e.g., 19 mm dia. rebar - not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear, and test temperature.

## Product Specifications (Millimeters)

|  | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 11.20 | 246.50 | 271.10 | 22600 | 0 | 0 |
| Maximum | 12.20 | 248.90 | 275.10 | 23200 | 0 | 0 |

## Strength

|  | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinnell, Rockwell, Vickers, etc.) Vickers |
|---|---|---|---|
| Minimum | 535 | 450 | 230 |
| Maximum | 685 | 570 | 240 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | | -20 | |
| Joules | | 100J/80J | |
| % Shear | | 75 | |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

| | Global Ductility | | Local Ductility | |
|---|---|---|---|---|
| | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
| Minimum | 15 % | 0 % | 0 % | 0 mm |
| Maximum | 0 % | 0 % | 0 % | 0 mm |

| | Magnetic Permeability | | | Surface Finish |
|---|---|---|---|---|
| | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Sprayed | Fusion Bonded Epoxy (FBE) | |

| Coating Weight and Thickness | | | |
|---|---|---|---|
| | Coating Weight | | Coating Thickness |
| Minimum | 0 | grams psq | 381 micrometers |
| Maximum | 0 | grams psq | 584 micrometers |

Specify any Additional Methods Used

Comments

Fusion Bonded Epoxy (FBE) with minimum thickness of 15 mils (381 micrometers), average thickness 15-23 mils (381-584 micrometers)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

HFI-ERW Linepipe for Offshore Oil and Gas reeling installation.                    American Petroleum Institute (API) 5L Linepip

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Product application: Linepipe to be used in a pipe-in-pipe system that will transport Oil and Gas via subsea pipeline in the Gulf of Mexico.
2) There is NO U.S. manufacturer that can produce or comply with the stringent technical project specification for reeling installation.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

The U.S. Department of Homeland Security has identified crude oil and gas pipeline systems as part of our nation's critical infrastructure. The line pipe subject to this exclusion request will be used for construction of a new Offshore Oil and Gas pipeline system; enabling the customer to construct new energy infrastructure, promote energy independence and enhance national security.

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10 - digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) | |
|---|---|---|---|---|---|---|

| 1 | Greece | Greece | 2000000 | Corinth Pipew | |

## Product Availability Information

Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?

No

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA.

Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.

No

Comments

Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below?

No

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.

No

Please provide names of the manufacturers.

**Manufacturers**

Comments

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

No

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

| No |

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near-equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

| Yes |

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA. There is not a suitable substitute product available.

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

| No |

Comments

This specialized type of line pipe is for Offshore infrastructure utilizing reeling installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP will be able to reasonably identify the material subject to this exclusion request; each steel pipe will be stenciled on the ID and/ or OD with Country of Origin, dimensions, manufacturer, applicable standard, and it will match the Mill Test

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

   A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;
   B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge

or arbitrage the price;

C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:

1. loss of contract(s);
2. unanticipated business downturns; or
3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and

E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

> CPW America Co.

Name of Authorizing Official

> Mark Soloninka

Title of Authorizing Official

> Executive Vice President

Phone Number

> (281) 752-7397

Email of Authorizing Official

> msoloninka@cpwamerica.com

If the Point of Contact is different from the Authorizing Official provide point-of-contact information below.

Point-of-Contact Name

Title

E-mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?

> No

## Attachment

There are no attachments for this exclusion request

## Published Objection Filings

| Company | Product | Posted Date | Details |
|---|---|---|---|
| >   IPSCO Koppel Tubulars, L.L.C. | Steel | 2/28/2020 | Details |

## BIS Decision Memo

View attachment file

Back

For questions about the exclusion process, please email or call:

Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



**U.S. Department of Commerce**
1401 Constitution Ave NW
Washington, DC 20230

Accessibility  •  Privacy policy

# Exhibit 2

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 54667**

**Summary:**

- Requester: CPW America Co.
- Product description: American Petroleum Institute (API) 5L Linepipe (Annexes B, C, J, K, included), Grade X65MO, High Frequency Induction - Electric Resistance Welded (HFI-ERW) PSL2 with 10.750 inch (273.05 mm) Outside diameter, wall thickness of 0.500 inch (12.70mm). Pipe size ranges are per section 3.b. of this application. Pipe shall be suitable for reeling installation and therefore specific stringent  technical requirements are required; non-alloy steel pipe of a kind used in oil or gas pipelines.
- Pipe will be coated with Fusion Bonded Epoxy (FBE) Coating.

- 
- HTSUS: 7306191050

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request as well as any applicable objection filings and its report to the President of January 11, 2018, has solicited and taken into account analysis provided by the International Trade Administration (ITA), and assessed other interagency comments as applicable.

In examining whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, ITA recommends finding, based on all of the evidence presented, that the product referenced in the above-captioned exclusion request is produced in the United States in a sufficient and reasonably available amount and of a satisfactory quality, and recommends denying the request for an exclusion.

BIS accepts ITA's recommended findings as to the domestic availability of the product, and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the domestic availability.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied.  This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #7306191050**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

**July 11, 2020**
Date

# Exhibit 3



# U.S. Department of Commerce

Section 232 Steel and Aluminum

## Product Information

Submission Date: 10/7/2020

Public Status: Granted

Please select product type

Steel

Identify the class of product for which the Exclusion is sought

Carbon and Pipe and Tube

10-Digit Harmonized Tariff Schedule Code of the United States (HTSUS) for the single product covered by this request

7306191050

If this is a renewal of a previously granted exclusion request, please provide the ID number of the previously granted exclusion request

This is a resubmission of ID # 54667

## Requesting Organization Information

Full Organization Legal Name

CPW America Co.

Street Address

750 Town and Country Blvd, Suite 675

City

Houston

State

Texas

Zip Code

77024

Headquarters Country

United States

Point of Contact Name

Dianne Burger

Phone Number

281-752-7300

E-mail Address

dburger@cpwamerica.com

Web Site Address

http://www.cpwamerica.com

## Parent Company of Requesting Organization

Full Organization Legal Name

Corinth Pipeworks Pipe Industry, S.A.

Street Address

33, Amarousiou Chalandriou Str.

City

Maroussi, Athens

Headquarters Country

Greece

State/Province

Zip Code

15125

Web Site Address

https://www.cpw.gr/en

## Importer of Record for Organization Requesting an Exclusion

Full Organization Legal Name

CPW America Co.

Street Address

750 Town and Country Blvd, Suite 675

City

Houston

State

Texas

Zip Code

77024

Headquarters Country

United States

Point of Contact Name

Alejandro Barragan

Phone Number

832-295-1716

E-mail Address

abarragan@cpwamerica.com

Web Site Address

http://www.cpwamerica.com

## Requester's Authorized Representative/Agent (if applicable)

Requestor Point of Contact Name

Point-of-Contact Organization

Country Location

Phone Number

E-Mail Address

Web Site Address

Other Information

## Exclusion Request Details

Does the parent organization hold ownership in (partially or completely), or is it otherwise engaged as a: Manufacturer; Distributor; Exporter or, Importer?

| Yes |

**Identify the activity**

Manufacturer

**Identify the organization**

Corinth Pipeworks Pipe Industry S.A.

**Identify the country where the organization is headquartered**

Greece

**Comments**

Corinth Pipeworks Pipe Industry, S.A. is among the World leading Steel Pipe Manufacturers for the Onshore and Offshore Oil and Gas Industry.

**Identify the primary type of activity of the Exclusion Requester**

Other

**Comments**

CPW America Co. (CPWA) is a wholly owned subsidiary of Corinth Pipeworks Pipe Industry, S.A. (CPW).  CPWA is responsible for the sales and importation of CPW's line pipe products in the USA; CPWA also provides value-add logistical services to pipeline company customers for Onshore and Offshore Energy infrastructure projects.

Total Requested Annual Exclusion Quantity in Kilograms (1 metric ton = 1,000 kilograms)

| 2000000 | Kilograms |

Average annual consumption for years 2015-2017 of the product that is subject of this Exclusion Request (Kilograms)

| 0 | Kilograms |

Explain why your organization requires an Exclusion

No U.S. Production

**Please provide comments**

Identify the percentage of total product covered under this Exclusion Request not available from manufacturers in the United States

| 100 | % |

Estimate the number of days required to take delivery of the product covered by this Exclusion Request, from the time the purchase order is issued by your organization

| 180 | days |

Estimate the number of days required to manufacture the product covered by this Exclusion Request, from the time a binding purchase order is executed

| 125 | days |

Estimate the number of days required to ship the product covered under this Exclusion Request, from the foreign port of departure to the Exclusion Requester's loading dock

| 24 | days |

Estimate the number of distinct shipments from the foreign port(s) of departure that will be needed for transporting to the United States the product subject to this Exclusion Request

| 1 | shipments |

Identify the U.S. Destination Port(s) of Entry through which the product subject to this Exclusion Request would be transported

Port 1 Houston, TX (5301)

Fort Houston, TX (5501)

Is the organization making this Exclusion Request doing so on behalf of a non-U.S. producer that does not manufacture products in the United States?

Yes

Identify the non-U.S. producer

Corinth Pipeworks Pipe Industry S.A.

Identify the country where the organization is headquartered

Greece

Comments

# Exclusion Request Product Information

For this single Exclusion Request, provide a full, complete description of the product in the space provided below.See explanation below.

The product for which an Exclusion is being requested is defined as follows: *

American Petroleum Institute (API) 5L Linepipe (Annexes B, C, J, K, included), Grade X65MO, High Frequency Induction - Electric Resistance Welded (HFI-ERW) PSL2 with 10.750 inch (273.05 mm) Outside diameter, wall thickness of  0.500 inch

*With regard to the product for which an Exclusion is requested, such a description must be limited to a single product. The description must be limited solely to physical properties (e.g., chemical requirements, mechanical requirements, dimensions, etc.) and exact descriptive terms/phrases covering the product subject to the Exclusion Request (e.g., "hot-rolled," "seamless pipe," "suitable for use in boilers," "longitudinally submerged arc welded," etc.).

All such physical properties must be defined based on actual, rather than nominal, measurements; references to specific dimensions (e.g., "cross-sectional diameter of 5.50 mm") or measurements (e.g., "yield strength of 300 MPa," "carbon content 0.08%," etc.) will be interpreted as meaning the exact dimension or measurement. Ranges (e.g., "cross-sectional diameter falling within the range 5.35 mm and 5.65 mm," "yield strength greater than or equal to 300 MPa," "carbon content less than or equal to 0.15%, by weight," etc.) are allowed. Where a range is needed, it should be identified based on the end points of the range (as in the examples above), rather than through references to absolute or percentage tolerances.

Comments

Identify the standards organizations that have set specifications for the product type that is the subject of this Exclusion Request, and provide the reference designation(s) for the identified standards organization(s), (e.g., ASTM A108-13):

| | Organization | Designation |
|---|---|---|
| 1 | API | 5L (46th Edition) |

Identify the classification and properties of the product covered under this Exclusion Request. Other classification or properties may be described in the textboxes below. (Select all that apply)

| Slab | Blooms | Billets | Ingots | Flat | Long |
|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Beams ☐ | Semi-Finished ☐ | Pipe ☑ | Tube ☐ | Stainless ☐ | Wire ☐ |
|---|---|---|---|---|---|
| Hot Rolled ☐ | Cold Rolled ☐ | Annealed ☐ | Plated ☐ | Electro-Plated ☐ | Galvanized ☐ |
| Electro-Galvanized ☐ | Zinc Plated ☐ | Aluminum Plated ☐ | Lead Plated ☐ | Tin Plated ☐ | Painted ☐ |
| Varnished ☐ | Plasticized ☐ | Pickled ☐ | Fittings ☐ | | |

Use the text boxes on the right if property is not listed above.

| Coated | | |
|---|---|---|

Comments

The material, 10.75 inch (273.05 mm) High Frequency Induction Electric Resistance Welded (HFI-ERW) line pipe subject to this exclusion request is to be used for Offshore Energy infrastructure and will be externally coated with Fusion Bonded Epoxy (FBE).

Identify the chemical composition of the specific product for which your organization seeks an Exclusion. Numbers may appear rounded, but full values will be stored. Format should starts with 0(example: 0.975)

| Chemical | Aluminum | Antimony | Bismuth | Boron | Carbon |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0.06 | 0 | 0 | 0.0005 | 0.10 |
| | Chromium | Cobalt | Copper | Iron | Lead |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0.20 | 0 | 0.2 | 0 | 0 |
| | Magnesium | Manganese | Molybdenum | Nickel | Niobium |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 1.60 | 0.07 | 0.20 | 0.05 |
| | Nitrogen | Phosphorus | Selenium | Silicon | Sulfur |
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0.012 | 0.015 | 0 | 0.45 | 0.008 |

2/7/2021

| | Tellurium | Tin | Titanium | Tungsten | Vanadium |
|---|---|---|---|---|---|
| Minimum % | 0 | 0 | 0 | 0 | 0 |
| Maximum % | 0 | 0 | 0.02 | 0 | 0.06 |
| | Zinc | Zirconium | Other Chemical | | |
| Minimum % | 0 | 0 | 0 | | |
| Maximum % | 0 | 0 | 0 | | |

Comments

API 5L Standard does not require minimum values for Chemical composition

Provide the following information on the single product that is the subject of this Exclusion Request: 1) dimensional information for the single product and a single size -- not a range of products and or sizes (e.g., 19 mm dia. rebar - not 19, 22, 25, and 29 mm.). A separate Exclusion Request must be submitted for each product by physical dimension; 2) performance data for tensile strength, yield strength, hardness, impact, shear and test temperature.

## Product Specifications (Millimeters)

| | Thickness | Inside Diameter | Outside Diameter | Length | Width | Height |
|---|---|---|---|---|---|---|
| Minimum | 11.2 | 246.5 | 271.1 | 22600.0 | 0 | 0 |
| Maximum | 12.7 | 248.9 | 275.1 | 23200.2 | 0 | 0 |

## Strength

| | Tensile Strength Mega Pascal (MPa) | Yield Strength Mega Pascal (MPa) | Hardness (specify method - Brinell, Rockwell, Vickers, etc.) |
|---|---|---|---|
| | | | Vickers |
| Minimum | 535 | 450 | 230 |
| Maximum | 685 | 570 | 240 |

## Toughness (If Applicable)

| Test Type | Drop-Weight Tear Testing | Impact (Charpy) Testing | Other |
|---|---|---|---|
| | | | Provide Test Method |
| Temperature | NA | 20 deg C | NA |

|  | NA | -20 deg C | NA |
| Joules | NA | 100J/80J | NA |
| % Shear | NA | 75% | NA |

Provide the following information on the single product that is the subject of this Exclusion Request: 1) performance data for ductility, magnetic permeability, surface finish; and 2) metal coating process, material type, weight, and thickness.

|  | Global Ductility | | Local Ductility | |
|  | Elongation % | Reduction in Area % | Hole Expansion % | Bendability (mm) |
|---|---|---|---|---|
| Minimum | 15 % | 0 % | 0 % | 0 mm |
| Maximum | 0 % | 0 % | 0 % | 0 mm |

|  | Magnetic Permeability | | | Surface Finish |
|  | Epstein Test | Greer Lab Method | Stacked Wide Sheet | Profilometer - [SAE J911] |
|---|---|---|---|---|
| Minimum | 0 | 0 | 0 | 0 |
| Maximum | 0 | 0 | 0 | 0 |

| Coating Type and Composition | | |
|---|---|---|
| Coating Method | Coating Product Name and Abbreviation | Composition (e.g., Zn, Al, Si, Mg) |
| Sprayed | Fusion Bonded Epoxy (FBE) | NA |

| Coating Weight and Thickness | | |
|  | Coating Weight | Coating Thickness |
|---|---|---|
| Minimum | 0 grams psq | 381 micrometers |
| Maximum | 0 grams psq | 584 micrometers |

Specify any Additional Methods Used

Comments

Fusion Bonded Epoxy (FBE) with minimum thickness of 15mils (381 micrometers), average thickness 15-23mils (381-584 micrometers)

## Product Commercial Names

List the Commercial Name(s) of the single product that is the subject of this exclusion

HFI-ERW Linepipe for Offshore Oil and Gas Reel-lay installation

American Petroleum Institute (API) 5L Linepipe

Comments

Identify the Association code for the product that is the subject of this Exclusion Request

State the 1) application for the product (e.g., automotive, appliances, industrial products, structural, etc.) that is the subject of this Exclusion Request, and 2) why similar products manufactured in the United States, if available, are not suitable: *

1) Product application: Linepipe to be used in a pipe-in-pipe system that will transport Oil and Gas via subsea pipeline in the Gulf of Mexico.
2) There is NO U.S. manufacturer that can produce or comply with the stringent technical project specification for reel-lay installation.

If the Exclusion is needed to support U.S. national security requirements (critical infrastructure or national defense systems), provide a detailed description of the specific uses of this single product:

The U.S. Department of Homeland Security has identified crude oil and gas pipeline systems as part of our nation's critical infrastructure. The line pipe subject to this exclusion request will be used for construction of a new Offshore Oil and Gas pipeline system; enabling the customer to construct new energy infrastructure, promote energy independence and enhance national security.

## Source Countries

Identify the source countries for the single product for which the Exclusion is requested, the annual quantity to be supplied in kilograms, and the name of the current manufacturer(s) of the product. If this product is not obtained directly from the manufacturer, identify the current supplier(s) and the country of the supplier(s). The Exclusion Request, if granted, will pertain solely to the identified supplier(s) listed in this form and the country of origin. NOTE: Products encompassing more than one 10-digit HTSUS code must submit a separate Exclusion Request for each pertinent code.

| | Country of Origin | Country of Export | Exclusion Quantity | Current Manufacturer | Current Supplier (if not obtained directly from manufacturer) |
|---|---|---|---|---|---|
| 1 | Greece | Greece | 2000000 | Corinth Pipew | |

## Product Availability Information

Does the Requester possess knowledge of any domestic U.S. parties that currently manufacture the described product in the United States?

| No |
| --- |

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA.

Does the Requester possess knowledge of any parties that currently manufacture the described product in a country exempted from this tariff? If yes, identify the country or countries below.

| No |
| --- |

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA.

Is the Requester aware of any manufacturers capable of producing a substitute for the product in the United States? If "Yes" provide supporting information (name and address) in the space below.

| No |
| --- |

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA.

Has the Exclusion Requester attempted to qualify any manufacturer in the United States as a supplier of the product that is the subject of this Exclusion Request in the past two years? If "Yes" provide supporting information in the space below.

| No |
| --- |

Please provide names of the manufacturers.

**Manufacturers**

Comments

Has the Exclusion Requester attempted to purchase the described product that is the subject of this Exclusion Request, or a substitute, from a U.S. manufacturer in the past two years? If "Yes" identify the manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

| No |
| --- |

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA.

Has the Exclusion Requester had supply contracts, or does it have current contracts, with producers that manufacture in the United States the product identified in the Exclusion Request? If "Yes" identify the U.S. manufacturers, addresses, and your points of contact at the U.S. manufacturing organizations in the comments below.

No

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Has the Exclusion Requester determined that there is no U.S. manufacturer that produces a near-equivalent product that would meet qualification requirements? If "Yes" identify in the space below the testing standards/procedures employed to make that determination (e.g., magnetic core loss, etc).

Yes

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA. There is not a suitable substitute product available.

In the last two years, has the Requester purchased a substitute product manufactured in the United States in place of the product described in the Exclusion Request? If "Yes" provide supporting information in the comments below.

No

Comments

This specialized type of line pipe is for Offshore infrastructure that will be installed by reel-lay installation method and is not manufactured in the USA. There is not a suitable substitute product available.

Provide a detailed explanation as to how U.S. Customs and Border Protection (CBP) will be able to reasonably distinguish the product subject to the Exclusion Request at time of entry, without adding undue burden to their current entry system and procedures.

CBP will be able to reasonably identify the material subject to this exclusion request, each steel pipe will be stenciled on the ID and/ or OD with Country of Origin, dimensions, manufacturer, applicable standard, and it will match the Mill Test Certificate (MTC).

# Certification

Instruction: This Exclusion Request must be signed by an organization official specifically authorized to certify the document as being accurate and complete. The undersigned certifies that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge.

Effective for all exclusion requests submitted on or after December 14, 2020, the undersigned certifies in the 232 Exclusions Portal that the information herein supplied in response to this questionnaire is complete and correct to the best of his/her knowledge. By signing the certification below, I attest that:

    A. My organization intends to manufacture, process, or otherwise transform the imported product for which I have filed an exclusion request or I have a purchase order or orders for such products;

    B. My organization does not intend to use the exclusion for which I have filed an exclusion request, if granted, solely to hedge or arbitrage the price;

    C. My organization expects to consume, sell, or otherwise use the total volume of product across all my active exclusions and pending exclusion requests in the course of my organization's business activities within the next calendar year;

D. If my organization is submitting an exclusion request for a product for which we previously received an exclusion, I certify that my organization either imported the full amount of our approved exclusion(s) last year or intended to import the full amount but could not due to one of the following reasons:
   1. loss of contract(s);
   2. unanticipated business downturns; or
   3. other factors that were beyond my organizations' control that directly resulted in less need for steel or aluminum articles; and
E. I certify that the exclusion amount requested this year is in line with what my organization expects to import based on our current business outlook. If requested by the Department of Commerce, my organization shall provide documentation that justifies its assertions in this certification regarding its past imports of steel or aluminum articles and its projections for the current year, as it relates to past and current calendar year exclusion requests.

**It is a criminal offense to willfully make a false statement or representation to any department or agency of the United States Government as to any matter within its jurisdiction.**[18 U.S.C. 1001 (1984 & SUPP. 1197)]

Company Name

CPW America Co.

Name of Authorizing Official

Alejandro Barragan

Title of Authorizing Official

Business Development Manager

Phone Number

832-295-1716

Email of Authorizing Official

abarragan@cpwamerica.com

If the Point of Contact is different from the Authorizing Official provide point-of-contact information below.

Point-of-Contact Name

Title

E-mail Address

Phone Number

Do you have additional information to provide that is proprietary or otherwise business confidential that is relevant and necessary to this submission?

No

# Attachment

View attachment file

# Published Objection Filings

| Company | Product | Posted Date | Details |
|---------|---------|-------------|---------|

No data available in table

## BIS Decision Memo

View attachment file

Back

For questions about the exclusion process, please email or call:
Aluminum232@bis.doc.gov or 202-482-4757 for aluminum-related inquiries, and Steel232@bis.doc.gov or 202-482-5642 for steel-related inquiries.



## U.S. Department of Commerce

1401 Constitution Ave NW
Washington, DC 20230

Accessibility    •    Privacy policy

# Exhibit 4

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 144150**

**Summary:**

- Requester: CPW America Co.
- Product description: American Petroleum Institute (API) 5L Linepipe (Annexes B, C, J, K, included), Grade X65MO, High Frequency Induction - Electric Resistance Welded (HFI-ERW) PSL2 with 10.750 inch (273.05 mm) Outside diameter, wall thickness of 0.500 inch (12.7 mm) and 76.1ft (23.2m) length. Pipe size ranges are per section 3.b. of this application. Pipe shall be suitable for reel-lay installation and therefore specific stringent  technical requirements are specified; non-alloy steel pipe of a kind used in oil or gas pipelines.  Pipe will be coated with Fusion Bonded Epoxy (FBE) Coating.
- HTSUS: 7306191050
- Total Requested Annual Exclusion Quantity in Kilograms: 2000000
- Date Submitted: 10/7/2020

**Analysis:**

The Bureau of Industry and Security ("BIS") has received a request, referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862).  Clause 3 of Proclamation 9705 and Clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive branch agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality; or 2) based upon specific national security considerations.  Any steel article for which relief is granted from quantitative limitations under Clause 1 of Proclamation 9777 is also not subject to the additional rate of duty set forth in Proclamation 9705.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS has considered the evidence provided, including in the exclusion request and in BIS's report to the President of January 11, 2018, and has assessed other interagency comments as applicable. No objections have been filed to this exclusion request that meet the requirements laid out in Supplement No. 1 to 15 CFR Part 705, and therefore none have been considered.

Based on BIS's review of the evidence presented, and the absence of objectors, BIS finds that the product referenced in the above-captioned exclusion request is not produced in the United States

in a sufficient and reasonably available amount or of a satisfactory quality.

BIS also finds that no overriding national security concerns require that this exclusion request be denied notwithstanding the lack of sufficient domestic availability.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be granted for one year.

This approval of your exclusion request does not constitute a ruling under Title 19 Part 177, Code of Federal Regulations (19 CFR 177.1(d)(1)), or official confirmation of the correct provision under the Harmonized Tariff Schedule of the United States for your goods. To be certain of the correct tariff provision, you may request a ruling by either mailing your request to Director, National Commodity Specialist Division, Customs and Border Protection, 201 Varick Street, Suite 501, New York NY 10014, attn: Binding Ruling Request or you may submit your request electronically at https://erulings.cbp.gov/home.

**DECISION ON EXCLUSION REQUEST #144150**

_____**X**_____ I approve granting this exclusion request. The granted exclusion number is 144150. This exclusion is granted for the merchandise described in the exclusion request and classified in the 10-digit provision of the Harmonized Tariff Schedule of the United States (HTSUS) claimed in the exclusion request. This exclusion is granted only in the quantities requested from each identified supplier and country of origin, as specified in the original exclusion request form. This exclusion is granted for one year from the date of signature below. The requester may consult CSMS #39-633923 for further instructions on using the exclusion number and receiving retroactive relief.

_____ I do not approve granting this exclusion request.

_____ I would like to discuss.

*Matthew S. Borman*
Deputy Assistant Secretary of Export Administration

**November 20, 2020**
Date