UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CPW AMERICA CO., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 21-00335 |
| UNITED STATES, | ) |
| Defendant, | ) |

**ORDER**

Upon consideration of defendant's unopposed motion for voluntary remand for reconsideration of the exclusion request final decision at issue in this case, it is hereby

ORDERED that defendant's motion is granted, and that this matter is remanded to the United States Department of Commerce for reconsideration of the exclusion request final decision at issue in this case; and it is further

ORDERED that Commerce shall have 90 days from the date of this order to file remand results with the Court; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order (including for filing the administrative record), no later than 14 days after Commerce files the remand results.

_____
JUDGE

Dated: _____, 2021
New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CPW AMERICA CO., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 21-00335 |
| UNITED STATES, | ) |
| Defendant, | ) |

**DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Defendant, the United States, respectfully requests that the Court remand this action to the United States Department of Commerce for the agency to reconsider its final decision not to grant plaintiff CPW America Co. (CPW) an exclusion from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 (Section 232). If this motion is granted, Commerce intends to reconsider CPW's exclusion request and, where necessary, provide additional explanation for its decision. Commerce will issue a new decision either: (1) granting the request and excluding the product from the scope of the Section 232 measure on steel imports; or (2) denying the exclusion request. Counsel for defendant has consulted with counsel for CPW, who consents to this motion.

**BACKGROUND**

Pursuant to authority granted to the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018). In implementing the steel tariff, the President "authorized [Commerce] to provide relief

from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

This case involves CPW's January 2020 exclusion request concerning a single product that CPW characterizes as a particular type of welded line pipe suitable for the "reel-lay" installation method for an offshore, subsea pipeline project. *See* Compl. ¶ 7. A single domestic industry producer, IPSCO Koppel Tubulars, LLC, a Tenaris company (IPSCO), filed an objection to CPW's exclusion request. CPW responded to IPSCO's objection with a rebuttal submission asserting that the product at issue was a specialized kind pipe suitable for "reel-lay" installation in offshore infrastructure projects and that no United States-manufactured product can be used for this purpose (this submission was supported by a letter from CPW's customer alleging its inability to source the product domestically). *See* Compl. ¶¶ 9, 32-35. IPSCO did not file a surrebuttal.

Commerce denied CPW's exclusion request in July 2020. Following the denial of its initial request, however, CPW in October 2020 submitted a second exclusion request that it characterizes as a "resubmission" of its previous request. *See* Compl. ¶ 39. No party objected to this second exclusion request, and Commerce granted it in November 2020. CPW suggests that Commerce's approval of the second exclusion request for the same product reveals that Commerce's earlier denial was improper.

Based on its initial review of the matter, and without confessing error, Commerce has determined that it is appropriate and in the interest of judicial efficiency and economy to reconsider its earlier denial. In assessing the correctness of Commerce's original decision,

2

Commerce will, among other things, re-examine the unaddressed issues raised in CPW's original rebuttal submission, and, if necessary, provide additional explanation addressing them.

In this regard, we note that this matter is different from other Section 232 matters for which Commerce has previously sought voluntary remand because it: (1) involves a single exclusion request that Commerce anticipates it will be able to reconsider consistent with the 90-day remand schedule proposed in this motion; and (2) involves case-specific assertions made in CPW's rebuttal submission that it claims compel the same result as its subsequent, similar exclusion request, and that are unlike those in other pending cases.[1] On remand, Commerce intends to reassess its decision, ensure that its decision addresses all record evidence (including evidence that detracts from its conclusion, if any), and provide additional reasoning, as appropriate, based on Commerce's reconsidered decision.

## ARGUMENT

Under these circumstances, remanding this matter is appropriate. Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)). "When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing competing interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual

---

[1] These cases have been referred to the Court's mediation program. We further note our understanding that there is currently an unliquidated entry that CPW believes could be affected by Commerce's decision on remand in this matter.

3

circumstances verging on bad faith." *Id.* at 1029-30 (reversing trial court's decision to deny remand); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate when: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2014) (indicating that Court "will deny a request that is 'frivolous or in bad faith'" (quoting *SKF*, 254 F.3d at 1029)).

Our request in this case meets that standard. First, we seek a voluntary remand for Commerce to reassess its decision and to ensure that it appropriately addresses the record evidence. This constitutes a compelling justification. *Cf. Baroque Timber Indus. (Zhongshan) Co., Ltd. v. Untied States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification.") (citation omitted). Second, Commerce's justification is not outweighed by the need for finality. *See id.* Indeed, CPW challenges Commerce's denial of its exclusion request. *See* Compl. Prayer for Relief. On remand, Commerce could grant the relief that CPW seeks. Thus, "remanding for reconsideration now essentially expedites relief that [the plaintiff] seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc.*

*v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (June 25, 2020). Should Commerce grant CPW an exclusion on remand, the one-year exclusion will be retroactive to the date CPW's request for exclusion was accepted by Commerce. *See Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018). Third, the scope of the request is appropriate to the issues that have been raised. Commerce intends to reconsider all aspects of the exclusion request record and decision.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1. Remand will also conserve judicial resources on a matter that may well be mooted or resolved by the agency action in this matter. Commerce's request is thus substantial and legitimate, and the Court should grant it.

If the Court were to deny our motion, we respectfully request that the Court provide 30 days from the date of denial for the Government to respond to the complaint and file the administrative record in this matter.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this case to Commerce consistent with our proposed order.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General


JEANNE E. DAVIDSON
Director


/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

<table>
<tr><td></td><td>/s/ Joshua E. Kurland<br>JOSHUA E. KURLAND<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0477<br>E-mail: Joshua.E.Kurland@usdoj.gov</td></tr>
<tr><td>October 25, 2021</td><td>*Attorneys for Defendant United States*</td></tr>
</table>

6